GEORGE SCHWARTZBAUER v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 11, 1910.

Nos. 16,803—(74).

**Evidence of negligence — excessive damages.**

In an action to recover for personal injuries, it is *held* that the evidence sustains the verdict of the jury, to the effect that the plaintiff's injuries were caused by defendant's negligence, but that the amount awarded is excessive, and should be reduced to $8,000, an acceptance of which is made a condition for denying a new trial.

[1]Reported in 128 N. W. 286.

Action in the district court for Otter Tail county to recover $36,100 for personal injuries sustained while acting as locomotive fireman on defendant's train. The negligence alleged was that defendant provided for plaintiff and used a defective and insecure locomotive engine, with an old, worn, weak, leaky and defective boiler, and old, unsound, weak, leaky and defective flues connected therewith, which could not be used with safety in such unsound condition, and plaintiff did not know and had no means of knowing of its unsafe condition. The answer denied that plaintiff's injuries were caused by defendant's negligence or that of its servants. The case was tried before Baxter, J., and a jury which returned a verdict in favor of plaintiff for $12,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. New trial granted unless plaintiff shall, within ten days after the remittitur is returned to the court below, file a written consent to a reduction of the verdict to $8,000, in which case the order appealed from is affirmed.

*J. W. Mason* and *J. D. Sullivan,* for appellant.
*Donohue & Stephens* and *M. J. Daly,* for respondent.

BROWN, J.

Action to recover for personal injuries alleged to have been caused by the negligence of defendant. Plaintiff had a verdict in the court below, and defendant appealed from an order denying its alternative motion for judgment or a new trial. Defendant contends on this appeal: (1) That the evidence fails to make a case of negligence against it; and (2) that the damages awarded are excessive.

Plaintiff was in the employ of defendant as a fireman, having been so engaged for about five years prior to the accident resulting in his injuries. His run extended between Melrose and Barnesville, two division points of the road. It is claimed by plaintiff that on the occasion in question defendant negligently furnished him with a defective and unsound engine, in this: That the boiler thereof was out of repair, with defective and leaky flues; that the defects mentioned had existed for some time, and attempts had been made to repair the same, in doing which defendant negligently caused ·

one of the defective flues to be "plugged" at both ends, by reason of which an explosion occurred in the fire box, resulting in the injuries complained of. Plaintiff was not aware of the condition of the engine, for this was the first time he had worked upon it.

Without stopping to consider in detail all the evidence offered on the trial, or the question whether the explosion in the fire box was presumptive of the negligence of defendant under the rule "res ipsa loquitur," our conclusion upon the whole record is that the evidence sufficiently sustains the verdict to the effect that the defendant was negligent in providing plaintiff with this particular engine, and to sustain a recovery for whatever injuries he sustained in consequence thereof. We therefore pass to the question whether the damages, $12,000, are excessive.

The explosion was one of considerable violence, and was caused, according to the evidence, by the defective flue, which was plugged at both ends. The plug within the fire box of the engine was blown out, causing a violent explosion, and throwing quantities of ashes, cinders, and particles of coal out through the fire box door, and into the engine cab, where plaintiff was engaged in his work. The force of the explosion was sufficient to throw plaintiff to the floor of the passageway between the engine and tender, and out through the gangway to the ground, while the train was running at twenty miles an hour. Just how the accident could have happened in this way—that is, how the force of the explosion could have thrown plaintiff out through the side entrance of the engine—is not clear. But it is not important.

Plaintiff was either thrown off the engine in the manner claimed, or in his excitement, for self-preservation, he jumped off and was injured. When picked up immediately after the accident, he was found unconscious, and remained so for several hours, not recovering his reason until after he was taken to the hospital at Fergus Falls, near which place the accident happened. His face was black from the smoke and ashes, and it is claimed that his eyes were injured. When examined at the hospital it was found that he had suffered no broken bones, and there were no external injuries upon his person, yet undoubtedly, in falling or jumping from the engine he

received an injury of some kind sufficient to destroy consciousness for a time, though the evidence tends to show that within a few days he was up and about.

The medical testimony offered in support of his case tends to show that the injuries received have brought on a well-developed case of traumatic neurosis, from which recovery is, in the opinion of the witnesses, problematical and somewhat uncertain, though all seem to concur in the view that a favorable termination of his suit against defendant will accelerate at least a partial recovery. One physician discovered a dislocated or floating kidney, but was not supported in his contention by others who examined plaintiff. Defendant's physician testified to a careful examination of plaintiff soon after the accident, and, as already noted, found no broken bones or other injuries to the body. He was then, and since the accident has been, in an extremely nervous condition, brought on to some extent by his pending lawsuit. They expressed the opinion that, as soon as the litigation was over, plaintiff would speedily return to his usual health and condition.

A careful examination of the record leads us to the conclusion that the verdict is excessive. It seems somewhat remarkable that plaintiff, with no disclosed injuries to his person, save possibly to his eyes, can, consistently with the truth, be in the sorely afflicted plight the testimony of some of the experts place him. Yet the jury must have so found, their verdict has received the approval of the trial court, and we have no right to wholly ignore it. However, we are firmly impressed that plaintiff will in the due course of time practically recover his normal condition, and that a verdict of $12,000 is more than fair and reasonable compensation for the injuries and suffering endured by him. A new trial would serve no useful purpose, and a majority of the court are of the opinion that the verdict should be reduced to $8,000.

It is therefore ordered that a new trial of the action be granted, and the order denying it be reversed, unless plaintiff shall, within ten days after the remittitur is returned to the court below, file a written consent to a reduction of the verdict to $8,000, in which event the order appealed from will be, and it is, affirmed.